IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ZACHARY WADE SKINNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-CV-266-Z-BR |
| | § | |
| GRAY COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS
AMENDED COMPLAINT IN PART**

Before the Court is the Amended Complaint (ECF 9) filed by Plaintiff Zachary Wade Skinner ("Skinner"), alleging violations of his civil rights under 42 U.S.C. § 1983. Skinner filed this lawsuit *pro se* while a prisoner at the Garza County Jail and subsequently was granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Skinner's Complaint be DISMISSED IN PART as frivolous under 28 U.S.C. §§ 1915 and 1915A.

### I. STANDARD OF REVIEW

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable

basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.    Factual Background.[1]

Skinner alleges that, in August or September of 2022, Gray County Deputies Jim Skinner (apparently no relation to the plaintiff) and Blake Mangus ("Mangus") followed and stopped the

---

[1]These background facts are taken from Skinner's Complaint (ECF 3), Amended Complaint (ECF 9) and questionnaire responses (ECF 11) and are assumed to be true for the purpose of evaluating the merits of Skinner's claims. Page citations to Skinner's questionnaire responses refer to the electronic page number assigned by the Court's electronic filing system.

vehicle in which he was riding "under false pretenses." (ECF 3 at 1; ECF 11 at 10). Skinner states that they harassed him, illegally searched him and found nothing. (*Id*.). The next day, he was again stopped by Mangus and Jim Skinner, with Mangus pointing his service revolver at Skinner and arresting him "without any provocation or probable cause." (*Id.*). Skinner claims he was unlawfully detained, forced to post an "astronomical bond" in order to be released, only to have all charges against him dropped several months later. (ECF 9 at 6). Skinner claims that his companion, Brittany Jacobson, was found to be in possession of methamphetamine, but he was not. (ECF 11 at 11). He claims that Jim Skinner and Mangus unlawfully arrested him in retaliation for a previous lawsuit that Skinner had filed against their department. (ECF 9 at 7).

Skinner sues Jim Skinner and Mangus for malicious prosecution, excessive force, false arrest, illegal search and seizure, defamation and libel (because his arrest was posted on Gray County's Facebook page). He sues Sheriff Michael Ryan ("Ryan") and Chief Deputy Joel Skinner as the supervisors of Jim Skinner and Mangus for failing to ensure that they did not violate Skinner's civil rights. He also names the Gray County Sheriff's Department ("GCSD") as a defendant. For the reasons stated below, Skinner's claims against Ryan and Joel Skinner, as well as his official capacity claims and claims for defamation, libel and excessive bail against Jim Skinner and Mangus, should be dismissed as frivolous. In addition, any claim of excessive force against Jim Skinner also should be dismissed, as should any claims against GCSD.

**B.    Claims for Monetary Damages.**

Skinner alleges numerous claims arising from his arrest and seeks compensatory damages of no less than $250,000.00, as well as punitive damages. (ECF 3 at 3; ECF 11 at 13). Under the PLRA, no "[f]ederal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual

act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger*, 404 F.3d at 375. The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see also Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 605 (5th Cir. 2008) ("We have held that the application of [Section 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Skinner does not allege that he suffered any physical injuries in connection with his claims; he claims only that he "was in dire fear for my life, liberty and well[-]being." (ECF 11 at 10). Because he does not allege physical injury, he is not entitled to recover compensatory damages. *See Hill v. Fagan*, No. 1:16-CV-185-BL, 2018 WL 3244617, at *3 (N.D. Tex. June 4, 2018) (recommending dismissal of prisoner's claim for compensatory damages against defendant because prisoner failed to allege a physical injury arising from the purported due process violation), *R. & R. adopted by* 2018 WL 3242274 (N.D. Tex. July 3, 2018). Skinner's claim for compensatory damages should be dismissed. Therefore, the only remaining claims for relief potentially available to Skinner are those for nominal and punitive damages.[2]

C.    **Official Capacity Claims and Claims Against GCSD.**

Skinner states that he is suing Defendants in their individual and official capacities. (ECF 11 at 13). An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent and, in this case, a suit against Defendants in their

---

[2]Although Skinner's Amended Complaint does not indicate that he seeks nominal damages, he does assert a claim for punitive damages; therefore, the Court will construe his Complaint broadly and assume for the purposes of this FCR that he seeks nominal damages to support his punitive damages request.

official capacity would be considered a suit against their employer, Gray County and GCSD. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Ricks v. Mack*, No. 4:15-CV-209-A, 2015 WL 2330133, at *2 (N.D. Tex. May 14, 2015) (finding city was the proper defendant for official capacity claims asserted against employees of city's police department); *see also Gordon v. Neugebauer*, No. 1:14-CV-0093-J, 2014 WL 5531734, at *5 (N.D. Tex. Oct. 31, 2014) (construing all allegations against the Abilene Police Department as allegations against the City of Abilene).

Municipalities, including counties and cities, may be held liable under Section 1983 if the execution of one of their customs or policies deprives a plaintiff of his or her constitutional rights. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). It is well settled that a municipality "may not be held liable under § 1983 on a basis of vicarious liability." *Hicks-Fields v. Harris Cnty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (citing *Monell,* 436 U.S. at 690-91).

"To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "Official policy" is defined as:

> 1.      A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2.      A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the

> governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); accord *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "The description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); accord *Piotrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001). "[A] complaint must contain either direct allegations on every material point necessary to sustain recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).

Despite being given the opportunity (ECF 11 at 7), Skinner has failed to properly identify a policy or custom that was the moving source of the alleged constitutional violations. Skinner has failed to state a viable Section 1983 claim against GCSD, and his official capacity claims against Defendants and claims against GCSD should be dismissed.[3] His remaining claims will be considered as against Defendants in their individual capacities only.

## D.    Claims Against Joel Skinner and Ryan.

Skinner sues Joel Skinner and Ryan as supervisors who purportedly authorized the actions of Mangus and Jim Skinner. (ECF 11 at 5-8). However, it is well established that supervisory officials are not liable for the acts of their subordinates unless they: (1) affirmatively participated

---

[3]As an additional basis for dismissal, GCSD is not a jural entity capable of being sued. *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 843 (E.D. Tex. 1996) (finding county sheriff's department and county district attorney's office are not legal entities capable of being sued in the absence of an express grant of jural authority).

in an act that caused a constitutional deprivation, or (2) implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (*citing Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). A prisoner must sufficiently allege facts showing either personal involvement or implementation of an unconstitutional policy to make a supervisor responsible under Section 1983, as prison supervisors "are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303. Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy" itself is a repudiation of constitutional rights and is "the moving force of the constitutional violation." *Id*. at 304 (quotations omitted).

In order to establish a claim for a deficient policy that caused the violation of a constitutional right under Section 1983, a plaintiff must identify a policy or custom of the governmental entity (or of a final policymaker of the governmental entity) that caused a deprivation of his constitutional rights. *Monell*, 435 U.S. at 694-95. Skinner has not alleged facts that satisfy this standard. Skinner complains only that Joel Skinner did not enforce compliance with relevant policies, not that a policy created by Joel Skinner was the cause of the alleged violation of his constitutional rights. He alleges that Ryan creates policies allowing "misconduct, harassment, malicious prosecution and unlawful acts by any deputies." (ECF 11 at 7-8). He fails to specify the policy of which he complains, however. Skinner has failed to state a plausible claim that either Joel Skinner or Ryan is liable in his supervisory role for a constitutionally deficient policy that created a violation of Skinner's constitutional rights, or that they were personally involved in the alleged deprivation of Skinner's rights. Skinner's claims against Joel Skinner and Ryan should be dismissed as frivolous.

**E.      Claims Against Jim Skinner and Mangus.**

**1.      Excessive Force.**

To establish a claim of excessive force under the Fourth Amendment, Skinner must demonstrate (1) an injury, (2) the injury resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of the force was clearly unreasonable. *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009)). In evaluating reasonableness, factors to consider include the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Deville*, 567 F.3d at 167. Skinner admits in his questionnaire responses that his excessive force claim is against Mangus rather than Jim Skinner (ECF 11 at 1); accordingly, any excessive force claim against Jim Skinner should be dismissed.

Skinner does not allege that he was physically injured by either officer; instead, he alleges that he was terrified when Mangus pointed a gun at him for an unspecified amount of time. Purely psychological injuries can sustain an excessive force claim, though some "injuries are so slight that they will never satisfy the injury element." *Lincoln v. Turner*, 874 F.3d 833, 846 (5th Cir. 2017) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 397-98 (5th Cir. 2004)). The Court's analysis will assume that Skinner has sufficiently alleged the first element.

Skinner alleges that Mangus and Jim Skinner pulled over his vehicle without provocation and that Mangus's act of pointing a gun at him during his arrest was "clearly excessive." He claims that he had no verbal or physical altercation with Mangus that caused the use of force, nor did he refuse or fail to comply with any directive given to him by Mangus or any other officer. (ECF 11 at 4-5). Under these circumstances, taken as true for the purposes of screening, this element favors

Skinner. *See Brothers v. Zoss*, 837 F.3d 513, 516 (5th Cir. 2016) (holding that officers who pointed their guns at a *noncompliant* suspect did not use excessive force).

The third element also favors Skinner, in that he alleges that Mangus pointed his gun at Skinner without provocation, which would be "clearly unreasonable." *Trammell*, 868 F.3d at 340. Because Skinner alleged plausible facts supporting the second and third elements of an excessive force claim, his excessive force claim against Mangus survives screening.

### 2.    Unlawful Arrest/Detainment and Illegal Search and Seizure.

Skinner next alleges that Jim Skinner and Mangus illegally searched him and unlawfully arrested him. Claims of false arrest, as well as false imprisonment or unlawful seizure, implicate guarantees of the Fourth and Fourteenth Amendments and, therefore, are actionable under § 1983. *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007); *accord Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015); *Martin v. City of Alexandria*, 198 F. App'x 344, 347 (5th Cir. 2006) ("The Fourth Amendment guarantees the right to be free from unlawful arrest."). "[I]t is beyond question that [a person] has a clearly established constitutional right to be free from arrest absent an arrest warrant or probable cause." *Freeman*, 483 F.3d at 411. An arrest is lawful if a police officer has probable cause to believe the suspect has committed a crime or is committing a crime. *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013) (citing *Flores*, 381 F.3d at 402; *accord Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Consequently, there is no cause of action for false arrest under § 1983 unless the arresting officer lacked probable cause. *Buehler v. Dear*, 27 F.4th 969, 991 n.85 (5th Cir. 2022); *Sorenson v. Ferrie*, 134 F.3d 325, 329 (5th Cir. 1998) (citing *Baker v. McCollan*, 443 U.S. 137, 144-45 (1979)); *United States v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995); *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 651 (S.D. Tex. 2000).

Skinner asserts that all of the charges against him resulting from the arrest were dismissed

9

for lack of probable cause. A false arrest cause of action requires a showing of no probable cause, which Skinner has alleged. *See Hall v. Ramsey*, 470 F. App'x 297, 298 (5th Cir. 2012) (citing *Haggerty v. Tex. Southern Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)). For this reason, at this time, the Court must find that Skinner has at least stated a non-frivolous claim for false arrest and illegal search and seizure against Jim Skinner and Mangus. The claims should be allowed to proceed.

### 3.    Malicious Prosecution.

Skinner alleges a malicious prosecution claim against Jim Skinner and Mangus in connection with his arrest under allegedly false pretenses. In 2022, the Supreme Court "held that litigants may bring a Fourth Amendment malicious prosecution claim under § 1983." *Armstrong v. Ashley*, 60 F.4th 262, 278 (5th Cir. 2023) (citing *Thompson v. Clark*, 596 U.S. 36, 42 (2022)). To state a valid claim, a plaintiff must allege the following elements:

> (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.

*Espinal v. City of Houston*, 96 F.4th 741, 748 (5th Cir. 2024) (quoting *Gordy v. Burns*, 294 F.3d 722, 727 (5th Cir. 2002)); *see also Davis v. Warren*, --- F.4th ---, 2026 WL 1078072 (5th Cir. April 21, 2026) (same). Skinner alleges each of these elements; as a result, this claim survives screening.

### 4.    Excessive Bail.

To the extent Skinner alleges that Jim Skinner and Mangus were responsible for his excessive bail, such claim fails. The Eighth Amendment states that "[e]xcessive bail shall not be required." U.S. CONST. amend. VIII. Jim Skinner and Mangus are Gray County officers, not judges. Police officers do not set bail amounts. Jim Skinner and Mangus cannot be liable for Skinner's allegedly excessive bail simply because they did not set the bail. *See Walker v. Hodge*,

4 F.3d 991 n.2 (5th Cir. 1993) ("Even if [Plaintiff] had raised on appeal the dismissal of his excessive bail claim, its dismissal ... is not error because he has failed to allege any specific act or conduct on the part of either of the defendants in this respect. And, the sheriff does not fix bail."); *see also id.* (citing *Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974) ("Plaintiff cannot be heard to bring an action against defendant for excessive bail since defendant was not the one who had responsibility to set the bail. The bail was set by a state court judge....")). Skinner has not alleged any facts that can be construed as either Jim Skinner or Mangus (or any Defendant) setting the bail amount, and his Eighth Amendment claim accordingly fails to state a claim and must be dismissed.

     **5.**      **Defamation/Libel.**

     Skinner's allegations of defamation are not actionable under 42 U.S.C. § 1983. To state a viable claim, a plaintiff must demonstrate first, a violation of the Constitution or of federal law; and second, that the violation was committed by someone acting under color of state law. *See Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 252–53 (5th Cir. 2005) (internal citations omitted); *see also Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.").

     Skinner's allegations do not satisfy the first criteria for a claim under Section 1983 because defamation is a violation of state, not federal, law. *See WFAA-TV, Inc. v. McLemore,* 978 S.W.2d 568, 571 (Tex. 1998) (reciting the elements of a defamation claim under Texas law; *see also Waste Mgmt. of Texas, Inc. v. Texas Disposal Systems Landfill, Inc.,* 434 S.W.3d 142 (Tex. 2014). There is no constitutional right to be free from defamation or slander. *See Paul v. Davis,* 424 U.S. 693 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort

protected by the Due Process Clause).

Accordingly, claims of libel and slander are not cognizable under Section 1983. *See Cook v. Houston Post.* 616 F.2d 791, 794 (5th Cir. 1980); *see also Mowbray v. Cameron County, Tex.,* 274 F.3d 269, 277 (5th Cir. 2001) (holding that allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, did not state a claim under Section 1983); *Castillo v. Bowles,* 687 F. Supp. 277, 282 (N.D. Tex. 1988) (dismissing an inmate's defamation claim against jail guards because, even if his allegations were true, he only alleged harm to his reputation, which is not protected by the Constitution) (citation omitted). To the extent that Skinner contends that he was defamed by Jim Skinner and Mangus (or any other Defendant) these allegations fail to state a claim and should be dismissed.[4]

## III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that the following claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii): (1) all claims against Joel Skinner and Michael Ryan; (2) all claims against Jim Skinner and Blake Mangus in their official capacities; (4) all claims for compensatory damages; (5) the excessive force claim against Jim Skinner; and (6) the defamation, libel and excessive bail claims against Jim Skinner and Blake Mangus. Surviving screening are (1) the excessive force claims against Blake Mangus and (2) the unlawful arrest, illegal search and seizure, and malicious prosecution claims against Jim Skinner and Blake Mangus.

## IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions

---

[4]To the extent Skinner seeks to assert a stand-alone claim for defamation under Texas law, the Court should decline to exercise supplement jurisdiction over the claim.

12

and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 8, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

13