IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ZACHARY WADE SKINNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:24-CV-266-Z-BR |
| | § | |
| GRAY COUNTY SHERIFF'S | § | |
| DEPARTMENT, *et al*., | § | |
| | § | |
| Defendants. | § | |

**ORDER TO ANSWER**

Plaintiff has filed a complaint initiating a civil rights action pursuant to 42 U.S.C. § 1983.

(ECF 3). Plaintiff has been granted permission to proceed *in forma pauperis*. (ECF 5).

Certain of Plaintiff's claims against Defendants Jim Skinner and Blake Mangus

("Defendants") survived screening. Specifically, Defendants will be required to file an answer,

motion or other responsive pleading to Plaintiff's claims of unlawful arrest, illegal search and

seizure, malicious prosecution and excessive force.

It appears that Defendants are employees of the Gray County Sheriff's Department and are

likely to be represented by either the Gray County District Attorney or the County Attorney's

Office. It is, therefore, **ORDERED** that the Clerk of the Court shall transmit a copy of this Order,

together with a copy of Plaintiff's complaint or most recent amended complaint, and any

supplements thereto, including Plaintiff's answers to the Court's questionnaire, if any, and a form

to consent to proceed before a United States Magistrate Judge by U.S. mail to the following:

Franklin McDonough
Gray County District Attorney
P.O. Box 1592
Pampa, Texas 79066

1

Josh Seabourn
Gray County Attorney
205 N. Russell, Room 202
Pampa, Texas 79066

Judge Chris Porter
205 N. Russell
Pampa, Texas 79065

*See* Fed. R. Civ. P. 5(b)(2)(C).

Defendants are directed to file a written answer or other responsive pleading to Plaintiff's claim(s) **on or before August 8, 2026.** If the Gray County District Attorney believes he cannot represent either or both Defendants, he shall file such Defendant's last known addresses under seal and marked "attorney's eyes only" **on or before August 8, 2026**, whereupon Plaintiff will be responsible for effecting service. Information marked "attorney's eyes only" may not be shown or distributed to anyone other than Plaintiff's counsel or counsel's employees, if any; counsel and counsel's employees are prohibited from sharing the address information with their client for security reasons.

Issuance of this Order to Answer does not constitute a determination by this Court concerning whether Plaintiff has exhausted administrative remedies before filing suit or has shown that he was prevented from doing so. Additionally, the issue of whether any or all of Plaintiff's claims are time barred is still an open question. These issues remain open for later consideration if raised by the parties, as does the issue of the appropriateness of any claim for monetary relief.

All discovery is stayed until further order. **THIS CASE WILL BE STAYED AND ADMINISTRATIVELY CLOSED PENDING THE FILING BY DEFENDANTS OF THEIR ANSWER, MOTION, OR OTHER RESPONSIVE PLEADING, OR UNTIL FURTHER ORDER.** All days during the stay and closure will be counted in determining the 60-day deadline to file an answer, motion, or other responsive pleading.

Accordingly, the Court ORDERS that the above-styled and numbered cause is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the Defendants' responsive pleading or motion, but no later than sixty (60) days from this Order. The administrative stay of this case does not affect the timing for service of Defendants or the time for them to answer or respond.

IT IS SO ORDERED.

ENTERED June 8, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

3